**Date Signed:**
**September 17, 2014**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re ROBERTA WILBORN, | Case No. 14-00995<br>Chapter 13 |
| Debtor. | Re: Docket No. 38 |

## MEMORANDUM OF DECISION ON DEBTOR'S MOTION FOR RECONSIDERATION

This memorandum concerns the debtor's motion to reconsider the order granting creditor Ala Wai Palms Association's motion for relief from the automatic stay. For the following reasons, I will deny the debtor's motion.

### I.     Background

The debtor owned a unit at the Ala Wai Palms condominium complex. Ala Wai Palms is the association of apartment owners at the debtor's condominium. On April 26, 2014, she assigned her interest in the property to Pompeo Malori and Maria Schiaretti. The assignment was recorded on April 28, 2014. There is no dispute that the debtor assigned the property.

Before the debtor filed this case, she was in arrears on her maintenance fees, so

Ala Wai Palms initiated a foreclosure proceeding. From the debtor's motion, it appears that the assignees do not want to pay the maintenance fees arrears. Ala Wai Palms was the successful bidder at the foreclosure sale on July 24, 2014.

Also on July 24, 2014, the debtor filed her petition for chapter 7 bankruptcy.

On August 22, 2014, Ala Wai Palms moved for relief from the automatic stay. The maintenance fees are continuing to accrue, and there is no evidence to the contrary.

The debtor did not respond to Ala Wai Palms' motion, so the court granted it on September 11, 2014.

The next day, the debtor moved the court to reconsider the order granting relief. Most of her motion concerns matters that are irrelevant to the legal standard for a motion for relief from the automatic stay. For instance, she discusses encounters with the Waikiki Police and her case on appeal to the Hawaii Supreme Court. Because of her encounters with the police, she says she was not aware of Ala Wai Palms' motion.

Finally, on September 16, 2014, the debtor converted the case to a Chapter 13.

**II.    Standard**

Filing a bankruptcy petition creates a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over

property of the estate."[1] The court must grant a creditor relief from the stay for "cause," including a lack of adequate protection.[2] Additionally, the court must determine cause on a case-by-case basis.[3] Finally, the opposing party must prove that the party seeking relief is adequately protected and that the property in issue is property of the estate.[4]

## III. Discussion

Because 1) the debtor received adequate notice, 2) the condominium is not property of the estate, and 3) the debtor has not proven that Ala Wai Palms is adequately protected, I will deny the debtor's motion.

### A. Notice

The debtor received adequate notice. In a motion for relief from the automatic stay, the movant properly provides notice to the debtor when it mails a copy of the motion to the debtor at the address on the debtor's petition.[5] According to Ala Wai Palms' certificate of service, it mailed the motion to the same address the debtor

---

[1] 11 U.S.C. § 362(a)(3)

[2] § 362(d)(2).

[3] *In re McDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

[4] § 362(g)(2).

[5] Fed. R. Bankr. P. 4001(a)(1), 7004(a)(9), 9014(b).

3

U.S. Bankruptcy Court - Hawaii   #14-00995   Dkt # 41   Filed 09/18/14   Page 3 of 5

listed on her bankruptcy petition.[6] The debtor has not disputed this fact. Therefore, I conclude that she received adequate notice.

Even if she did not know about Ala Wai Palms' motion, nothing in the debtor's motion persuades me that I would have decided the motion differently if she responded to the motion and the court held a hearing on the matter.

**B.     Property of the Estate.**

The debtor has not proven that the condominium is property of the estate. Along with its motion, Ala Wai Palms provided a copy of the assignment of the lease that was executed on April 23, 2014 and recorded on April 28, 2014. Ala Wai Palms has made a prima facie showing that the condominium is not property of the estate. Rather, it belongs to the assignees. The debtor filed this case over two months after she assigned her interest in the condominium. Logically, the condominium cannot be property of the estate, since the debtor did not own the property when she filed this case. Because the condominium was not property of the estate, the stay does not stop the bank from exercising its rights under state law to gain possession of the property.

At best, the debtor has a possessory interest in the property. But even if a possessory interest makes the condominium property of the estate under Hawaii law, that is insufficient to prove that the creditor is adequately protected.

---

[6] Dkt. 3 at 1; dkt. 25.

U.S. Bankruptcy Court - Hawaii   #14-00995   Dkt # 41   Filed  09/18/14   Page 4 of 5

### C. Adequate Protection

The debtor has not proven that Ala Wai Palms is adequately protected. In its motion, Ala Wai Palms states that fees on the condominium continue to accrue. At the same time, it has to provide services for the entire building. The debtor does not dispute that she was in arrears. She also has not stated that she and the assignees are making payments on either the arrears or the post-petition fees. Further, she hasn't stated how she will make the payments in her chapter 13 plan. As a result, I can only conclude Ala Wai Palms is inadequately protected and that there is cause to grant it relief from the automatic stay.

## VI. Conclusion

There was cause to grant the motion for relief from stay, and the debtor has not persuaded me otherwise. She appears to take issue with how the movant handled her maintenance fees arrears. Those issues are best addressed to the state courts, and she is free to make those arguments to the extent that Hawaii law allows her to do so.

THEREFORE, the debtor's motion is DENIED.

**END OF DECISION**

U.S. Bankruptcy Court - Hawaii   #14-00995   Dkt # 41   Filed 09/18/14   Page 5 of 5